*7621 13th Avenue, Brooklyn NY 11228*
*Office: 718.305.1702*
*Fax: 718.395.1732*

**J. IANDOLO LAW**

May 30, 2019

**VIA ECF**
The Honorable Richard M. Berman
United States District Judge,
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    United States v. Owens, et al., 18 Cr. 693 (RMB)
             Amended Letter Motion

Dear Judge Berman:

    We represent the defendant, Attorney Ramses Owens, in the above-referenced matter. It is known to the Court that Attorney Ramses Owens is absent from these proceedings because of a judicial order issued by a judge in the Republic of Panama preventing his departure. In other words, Attorney Ramses Owens' absence in these proceedings is involuntary and he should not be deemed a fugitive.

    Recently, it has been brought to our attention by Attorney Marcela Arauz Quintero, defense counsel for Attorney Ramses Owens in the Republic of Panama, that the U.S. Attorney's Office for the Southern District of New York via the U.S. - Panama Mutual Assistance in Criminal Matters Treaty has unlawfully obtained data

and communication records from the personal mobile device of Attorney Ramses Owens, while the previously mentioned federal agency was aware that Attorney Ramses Owens was represented by the undersigned counsels. It is important to note that Attorney Ramses Owens was forced to comply with the request made by the U.S. Attorney's Office for Southern District of New York under the threat of arrest by the Panamanian Authorities. As stated supra, the U.S. Attorney's Office for the Southern District of New York knew that Attorney Ramses Owens had legal representation in this matter. However, the undersigned counsels for Attorney Ramses Owens did not receive any notice from the U.S. Attorney's Office for the Southern District of New York of their attempt to obtain the personal information belonging to Attorney Ramses Owens.

In the Second Circuit, Federal District Courts have consistently held that the exclusionary rule does not govern the conduct of foreign government officers. However, the U.S. Court of Appeals for the Second Circuit has recognized two exceptions to this rule.

"First, where the conduct of foreign officials in acquiring the evidence is 'so extreme that they shock the judicial conscience', a federal court in the exercise of its supervisory powers can require exclusion of the evidence so seized." (*United States v. Maturo*, 982 F.2d 57, 61 (2d Cir. 1992); (quoting *Stowe v. Devoy*, 588 F.2d 336, 341 (2d Cir. 1978)). "Second, where cooperation with foreign law enforcement officials may implicate constitutional restrictions, evidence obtained by foreign officials may

be excluded." (.*id*); (citing *United States v. Paternina-Vergara*, 749 F.2d 993, 998 (2d Cir. 1984)).

"Within the second category for excluding evidence, constitutional requirements may attach in two situations: (1) where the conduct of foreign law enforcement officials rendered them agents, or virtual agents, of United States law enforcement officials; or (2) where the cooperation between the United States and foreign law enforcement agencies is designed to evade constitutional requirements applicable to American officials." (.*id*);(*United States v. Restrepo*, No. S101 Crim. 1113, 2001 U.S. Dist. LEXIS 21760, 2002 WL 10455, at *6 (S.D.N.Y. Jan. 3, 2002)).

Circumstances that will shock the conscience are limited to conduct that not only violates U.S. notions of due process, but also violates fundamental international norms of decency. (*United States v. Vilar*, No. S3 05-CR-621 (KMK), 2007 U.S. Dist. LEXIS 26993, at *1 (S.D.N.Y. Apr. 4, 2007)).

Upon a request made by U.S. Attorney's Office for the Southern District of New York the bank accounts of Revack Holdings Foundation held in a Panamanian Bank were seized by the Public Ministry of the Republic of Panama on or about the week of March 25 to March 29 of 2019. Under the circumstances, the Public Ministry of the Republic of Panama is acting as the agent of the U.S. Attorney's Office for the Southern District of New York. In sum, the conduct of the Panamanian Authorities, at the demand of the U. S. Attorney's Office for the Southern District of New York, renders them an agent of the United States.

Notwithstanding Attorney Ramses Owens' absence, he must be afforded all the rights and protections provided by the laws of the United States. The data and the communication records acquired from the mobile device of Attorney Ramses Owens by the Panamanian Authorities for the U. S. Attorney's Office for the Southern District of New York must be excluded because it runs afoul to the principals of our judicial system. The data procured by the United States contains attorney-client privileged communications, between the undersigned counsels and Attorney Ramses Owens. It is important to note, that the data and communication obtained also contains attorney-client communication between Attorney Ramses Owens and his clients, who are not parties in this case. Therefore, the undersigned counsels respectfully request that the data and communication records acquired from the mobile device of Attorney Ramses Owens by the Panamanian Authorities must be excluded as evidence because the cooperation between the U.S. Attorney's Office for the Southern District of New York and the Panamanian Authorities was intended to evade constitutional requirements applicable to U.S. Attorney's Office for the Southern District of New York.

Moreover, the threat of arrest as a tactic by the Panamanian Authorities to acquire the personal information belonging to Attorney Ramses Owens for the United States violates U.S. notions of due process, but also violates fundamental international norms of decency. In other words, the personal information obtained by the Panamanian Authorities was done in an unlawful manner.

In addition to the aforesaid, the undersigned counsels were not provided with an order and/or correspondence from this Court ordering a valid search of Attorney Ramses Owens' personal property, including but not limited to his mobile device. As such, the U. S. Attorney's Office for the Southern District of New York is utilizing the Panamanian authorities to circumvent the law, a direct contradiction to the basic four principles of our judicial system; equal justice under the law, due process of law, the adversary system of justice, and the presumption of innocence unless proven guilty.

The United States Government seeks to prosecute Attorney Ramses Owens, a native and citizen of the Republic of Panama with neither ties to nor obligations to the United States, in a Federal District Court of the United States[1].  As such, Attorney Ramses Owens must be afforded the rights and protections granted to him under the laws of the United States. Despite his involuntary absence, privileged and protected information must not be disseminated, so when he avails himself before this Court, his hearing and trial shall be fair and equal. The United States Government wants to prosecute Attorney Ramses Ownes in the United States, then they must adhere to the laws and rules of the United States legal system and not cherry pick the laws that are convenient to prosecute.

In sum, the U.S. Attorney's Office for the Southern District of New York is utilizing the Panamanian Authorities as an agent. The cooperation between the U.S. Attorney's Office for the Southern District of New York and the Panamanian

---

[1] (*United States of America v. Buck*, No. 13-Cr-282 (JSR), (S.D.N.Y. November 27, 2017)).(Dkt.111)

Authorities is to evade constitutional requirements that are applicable to the previously mentioned federal agency. The U.S. Attorney's Office for the Southern District of New York has unlawfully acquired evidence from Attorney Ramses Owens to be used to prosecute the defendants in the above-mentioned case. Moreover, the manner in which the Panamanian Authorities obtained the evidence for Attorney's Office for the Southern District of New York violates U.S. notions of due process, but also violates fundamental international norms of decency. Therefore, the personal information obtained by the Panamanian Authorities from Attorney Ramses Owens in an unlawful manner for the U.S. Attorney's Office for the Southern District of New York must be excluded as evidence.

       The filing of this letter with the Court shall NOT waive any jurisdictional defenses, of which Attorney Ramses Owens may elect to raise in his defense in the future.

Respectfully submitted,

/s/Jeremy Iandolo
Jeremy Iandolo, Esq.
7621 13th Ave
Brooklyn, New York 11228
E-mail: jiandolo@jiandololaw.com
Phone: 718-303-0802

/s/ Charlie Carrillo
Charlie Carrillo, Esq.
259 West Patrick Street
Frederick, MD 21701
E-mail: charlie@carrillobrux.com
Phone: 301.378.8595