# EXHIBIT C

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   UNITED STATES OF AMERICA,
 4              v.                             18 CR 693(RMB)
 5   RICHARD GAFFEY,
 6              Defendant.                     Conference
 7   ------------------------------x
                                               New York, N.Y.
 8                                             December 17, 2018
                                               2:20 p.m.
 9
10   Before:
11
                         HON. RICHARD M. BERMAN,
12
                                               District Judge
13
                              APPEARANCES
14
     GEOFFREY S. BERMAN
15        United States Attorney for the
          Southern District of New York
16   BY:  NATHAN M. REHN
          SARAH E. PAUL
17        Assistant United States Attorneys

18   HOGAN LOVELLS, LLP
          Attorneys for Defendant
19   BY:  WILLIAM LOVETT
          ROBERT B. BUEHLER
20
     Also Present: Michael Parker, DOJ
21
22
23
24
25
```

1              (In open court; case called)
2              THE COURT:  Please be seated.
3              This is our first meeting.  I will start with the
4    government, what has transpired so far, which is to say what
5    proceeding has occurred already in Boston I think?
6              MS. PAUL:  Yes, your Honor.  So thus far the defendant
7    was arrested on December 4th in Medfield, Massachusetts.  He
8    appeared in the District of Massachusetts and was released on
9    bail.  This morning he came here to the Southern District of
10   New York.  He appeared in magistrate court's here, and we were
11   just before Judge Freeman who set very similar bail conditions.
12             THE COURT:  Was he arraigned?
13             MS. PAUL:  He was not arraigned yet, your Honor.
14             THE COURT:  Counsel, I have a couple questions for you
15   and your client.  Nice to see you.
16             Which of you is from Boston and which from New York?
17             MR. LOVETT:  Good afternoon, your Honor.  William
18   Lovett on behalf Richard Gaffey.
19             THE COURT:  By elimination.
20             MR. BUEHLER:  I am from New York.  You can probably
21   tell from the accents.
22             THE COURT:  So let me go over all the possible
23   questions, and tell me whether they are relevant in this
24   proceeding or not.
25             Has your client, Mr. Gaffey, been advised of his

1    rights in this proceeding in either magistrate's court --
2             MR. LOVETT:  Yes, your Honor, in both courts.
3             THE COURT:  Has he been advised of the charges against
4    him in either or both of those courts?
5             MR. LOVETT:  Yes, your Honor, both proceedings.
6             THE COURT:  As you said before, bail conditions were
7    set and confirmed in both those courts?
8             MR. LOVETT:  Yes, your Honor.
9             THE COURT:  You are as counsel privately retained, I
10   take it?
11            MR. LOVETT:  Yes.
12            THE COURT:  Was he advised of the rights that he has
13   that he can remain silent and doesn't have to answer questions?
14            MR. LOVETT:  Yes, your Honor.
15            THE COURT:  That he was not required to make any
16   statements?
17            MR. LOVETT:  Yes, your Honor.
18            THE COURT:  And that anything that he might say can be
19   used against him?
20            MR. LOVETT:  Yes, your Honor.
21            THE COURT:  And even if he made any statements to the
22   authorities, he need not make any further statements?
23            MR. LOVETT:  Yes, your Honor.
24            THE COURT:  Mr. Gaffey, do you understand those
25   rights?

Case 1:18-cr-00693-RMB Document 131-2 Filed 06/17/19 Page 5 of 12        4
ICH6GAFC

1        THE DEFENDANT:  Yes, your Honor.
2        THE COURT:  I take it that counsel and Mr. Gaffey have
3   received a copy of the indictment in this case?
4        MR. LOVETT:  Yes, your Honor.
5        THE COURT:  Counsel, have reviewed it with Mr. Gaffey?
6        MR. LOVETT:  Yes, your Honor.
7        THE DEFENDANT:  Yes.
8        THE COURT:  Mr. Gaffey, you went over that indictment
9   with your attorneys?
10       THE DEFENDANT:  Yes.
11       THE COURT:  Did you want me to read it today, or did
12  you want to waive the public reading of the indictment?
13       MR. LOVETT:  We'll waive reading.
14       THE COURT:  What plea, Mr. Gaffey, would you like to
15  enter, guilty or not guilty?
16       THE DEFENDANT:  Not guilty, your Honor.
17       THE COURT:  Anything that the government wanted me to
18  cover that I didn't cover?
19       MS. PAUL:  Not with respect to that portion of the
20  proceeding.  Thank you.
21       THE COURT:  This portion, this proceeding?
22       MS. PAUL:  Yes, your Honor.
23       THE COURT:  I gotcha.
24       So what do you all think?  I imagine that the
25  government counsel and defense counsel have talked about next

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1     steps and a probable time frame.
2              MS. PAUL:  We have, your Honor.  Let me present a
3     summary of what is at issue right now and what we discussed
4     with the defense so thus far.
5              First with respect to discovery, I do want to flag for
6     the Court, and I have flagged it for defense counsel, there are
7     classified materials at issue in this case.  So the government
8     plans to file a Section 2 motion for pretrial conference under
9     the Classified Information Procedures Act.
10             THE COURT:  Okay.
11             MS. PAUL:  We anticipate filing that motion shortly.
12             With respect to the unclassified materials that are at
13    issue in the case, the volume of the unclassified discovery is
14    substantial.  It's probably between 500 gigabytes and one
15    terabyte.  That is the estimate I have at this time.  It
16    consist of numerous subpoena returns, evidence seized in the
17    course of several search warrants including a search warrant
18    executed on Elder Gaffey & Paine, which is the defendant's
19    accounting firm, and there are a number of materials including
20    some international materials received from other countries.
21             We have been talking with our tech people at the U.S.
22    Attorney's Office and have put them in touch with defense
23    counsel's tech people.  So they have been speaking about the
24    mechanics of how to make the production.  Right now we have the
25    vast majority of the materials loaded onto an electronic

1  database.  So we'll be working to produce the materials from
2  there.
3              There are some documents on the database that the
4  investigative team cannot see because we have a filter team of
5  attorneys that has been working on reviewing documents for
6  privilege.  So some of these documents will be discoverable as
7  well.  For instance I will give the Court one example.  Some of
8  the search warrant documents seized from Elder, Gaffey & Paine
9  have been withheld from our filter team, but they will be
10 produced to the defendant.
11             So we've been working to get that done.  In speaking
12 with our people we think we can begin to make that production
13 in approximately one month's time and have it be substantially
14 completed within two months' time.
15             I will not for the Court there are some additional
16 materials that we expect to be discoverable and that we haven't
17 yet received.  One that comes to mind is that there is a
18 response we're expecting to get from Germany in response to an
19 MLAT request and additional documents from Rothchild Bank that
20 we think we will be getting shortly that have been the subject
21 of motion practice.  So there are a couple of others things;
22 but with respect to what we already have, we think that that
23 time frame is reasonable and doable.  That production will
24 begin in about a month and be completed within two months.
25             That is the lay of the land with respect to discovery.

1  In terms of other topics, there are three other defendants
2  named in the indictment.  Two of them have been arrested
3  overseas.  One, Mr. Brauer, was arrested in France.  And other,
4  Mr. Von der Goltz was arrested in the United Kingdom.  We're in
5  the process of seeking the extradition of both.  I don't have a
6  time frame for your Honor right now as to when we expect that
7  to be completed, but they have been arrested and the process
8  has begun.
9             THE COURT:  Excuse me.  That is an extradition process
10 formally as we know it?
11            MS. PAUL:  We are in the process of preparing the
12 extradition materials and that is moving along.
13            THE COURT:  Got it.
14            MS. PAUL:  The government does anticipate that in
15 addition to the Section 2 motion that we'll be filing --
16            THE COURT:  Excuse me.  Before you get to that, there
17 was another defendant?
18            MS. PAUL:  Oh, yes.  The final defendant, Mr. Owens,
19 has not been arrested in this case.  Our understanding is that
20 he is in Panama.
21            THE COURT:  He is in?
22            MS. PAUL:  Panama.
23            THE COURT:  Panama.
24            MS. PAUL:  In terms of other upcoming motions by the
25 government, we do intend to file a crime fraud motion in the

1   near future, which would be based at least in part on documents
2   we received during the search on Elder, Gaffey & Paine and
3   perhaps some other materials as well.  We intend to speak with
4   the defense.  We flagged already for them that we intend to
5   file that and we'll speak with them further about the timing of
6   that.
7            THE COURT:  Okay.
8            MS. PAUL:  So with all that, I think from the
9   government's perspective it would make sense to set a status
10  conference perhaps about three months out and to then check in
11  to see where we are with regard to the discovery, defense's
12  review of the discovery, the extradition of the other
13  defendants, and the upcoming motions.
14           THE COURT:  Just for my information what were the
15  conditions of bail that were set?
16           MS. PAUL:  Yes, your Honor.  The conditions set by
17  Judge Freeman were that the defendant had to surrender his
18  travel documents and make no new applications.  His travel is
19  restricted to the continental United States.  He has to report
20  as directed to the Southern District of New York for court
21  proceedings and he must maintain his current residence and not
22  move without prior permission.  He will be supervised as
23  directed out of this district either via phone or Internet.
24           THE COURT:  Out of S.D.N.Y.?
25           MS. PAUL:  Yes.  Unless Pretrial determines that more

1   intensive supervision is required, in which case it might be
2   transferred to the District of Massachusetts.
3           THE COURT:  Got it.
4           MS. PAUL:  I believe also the defendant is required to
5   refrain from possessing any firearm, destructive device, or
6   other dangerous weapon.
7           THE COURT:  Okay.  I didn't mean to interrupt you
8   before.  Were you finished?
9           MS. PAUL:  No, I think I have covered everything that
10  the government has at the moment, your Honor.
11          THE COURT:  Defense counsel, how does that all sound
12  to you in terms of proceedings and timing?
13          MR. LOVETT:  I think the timing make sense.  We'll be
14  evaluating whether we'll be filing some motions.  I think it is
15  premature at this time to know if this will be the case.  I
16  will raise with the Court that my client does have prepaid
17  travel plans that involves a vacation with his wife in February
18  and I raised that with the government.  It is international
19  travel to Mexico and the Cayman Islands.  I will be filing some
20  papers with the Court seeking permission to have him go on the
21  trips.  His passport is currently in the U.S. Probation Office
22  in Boston.
23          THE COURT:  Are you familiar with the trip detail,
24  government?
25          MS. PAUL:  Yes.  Defense counsel did flag that for us.

1     I will note the government objects to any international travel
2     by the defendant.
3             THE COURT:  Oh, you do.  So no action to take at this
4     time.
5             Let me give you a date.  How does March 12th sound to
6     everybody at 11:00?
7             MS. PAUL:  That's fine for the government.
8             MR. BUEHLER:  Your Honor, we don't have our calendars
9     with us.  What day of the week is March 12th?
10            THE COURT:  Tuesday.
11            MR. BUEHLER:  We think that works for us.
12            THE COURT:  If it doesn't, just let us know.  Talk to
13    the government first and if you have an alternate date, run it
14    by them.
15            MR. BUEHLER:  We'll do.  Assuming you don't hear from
16    us, we'll be present.
17            THE COURT:  March 12th, 2019, at 11:00 a.m.
18            The only remaining issue is the speedy trial.  Is
19    there an issue or application by the government with respect to
20    speedy trial?
21            MS. PAUL:  Yes, your Honor.  The government does move
22    to exclude speedy trial time between today and March 12th so
23    that discovery can be produced and reviewed by the defense and
24    so the parties can begin to contemplate and file any motions.
25            THE COURT:  I am going to find under 18, United States

1    Code, Section 3161 that the request for adjournment to and
2    including March 12th, 2019, joined in both by the government
3    and defense counsel is appropriate and warrants exclusion of
4    the adjourned time from speedy trial calculations.  I further
5    find that the exclusion is designed to prevent any possible
6    miscarriage of justice, to facilitate these proceedings
7    including the discovery process and motion practice, and to
8    guarantee effective preparation for counsel of the defense and
9    the government.  Thus, the need for exclusion and the ends of
10   justice outweigh the interest of the public and the defendant
11   in a speedy trial pursuant to 18, United States Code, Section
12   3161(h)(7)(A)(8).
13             Unless anybody has anything further to raise, that is
14   it for today.
15             MR. LOVETT:  No, your Honor.
16             MR. BUEHLER:  Very briefly, your Honor, some guidance
17   from your Honor.  If Mr. Gaffey wishes not to attend the
18   March 12th conference --
19             THE COURT:  I think it is premature to make that
20   decision now.  Let's see where we are or are aiming for and we
21   can talk about that as we get closer to the date.
22             MR. BUEHLER:  Very good.  Thank you.
23             THE COURT:  Nice to see you all.
24             MS. PAUL:  Thank you, your Honor.
25                                o0o