UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

v.

                                        18 CR 693(RMB)


RAMSES OWENS, DIRK BRAUER,
RICHARD GAFFEY, HARALD JOACHIM
VON DER GOLTZ,
Defendants.
------------------------------x




Before:
                    HON. RICHARD M. BERMAN,
                      U.S. District Judge




        DEFENDANT, RAMSES OWENS'S MEMORANDUM IN
    OPPOSITION TO THE GOVERNMENT'S MOTION REGARDING
    APPLICATION OF THE CRIME FRAUD EXCEPTION AND
        WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 4

II.  THE GOVERNMENT MISSTATES THE EMPLOYMENT RELATIONSHIP OF
ATTORNEY RAMSES OWENS AND THE DEFUNCTED LAW FIRM MOSSACK
FONSECA ........................................................................................................... 5

III. ARGUMENT ..................................................................................................... 6

   A.   THE INDICTMENT IN THIS CRIMINAL MATTER FAILS TO PROVIDE A
NEXUS BETWEEN ATTORNEY RAMSES OWENS AND THE U.S. SUFFICIENT
TO SATISFY DUE PROCESS ................................................................................. 6

   B.   THE REVACK ENTITIES ARE INDEPENDENT LEGAL ENTITIES ............. 8

   C.   ATTORNEY RAMSES OWENS ASSERTS THE WORK PRODUCT
PRIVILEGE ....................................................................................................... 13

IV. THE "PANAMA PAPERS" HAVE BEEN DEEMED NOT RELIABLE .................... 16

V.   CONCLUSION ................................................................................................ 17

## Cases

(*United States v. Al Kassar*, 660 F.3d 108, 114 (2d Cir. 2011) ....................................................9

(*United States v. Nobles*, 422 U.S. 225, 227, (1975)) ...............................................................11

(*United States v. Vilar*, 729 F.3d 62, 67 (2d Cir. 2013) ...........................................................9

*Anwar v. Fairfield Greenwich Ltd.*, 982 F. Supp. 2d 260, 262 (S.D.N.Y. 2013) ....................12

*Commodity Futures Trading Com v. Weintraub*, 471 U.S. 343, 345 (1985) ...........................14

*Hickman v. Taylor,* 329 U.S. 495 (1947) ...............................................................................16

*In re Grand Jury Proceedings,* 43 F.3d 966, 967 (5th Cir. 1994) ...........................................17

*In re Grand Jury*, 731 F.2d at 1039 .......................................................................................13

*In re in re Financialright GmbH*, No. 17-mc-105 (DAB), 2017 U.S. Dist. LEXIS 107778, at
  *13 (S.D.N.Y. June 23, 2017) ............................................................................................17

*In re John Doe*, 13 F.3d at 637 .............................................................................................13

*NML CAPITAL, LTD v. REPUBLIC OF ARGENTINA*, et al. Case 2:14-cv-00492-RFB-VCF,
  Doc. 307, Filed 03/27/19) ....................................................................................................18

*Old Chief v. United States*, 519 U.S. 172, 174 (1997) .............................................................18

*United States v. Adlman* ........................................................................................................17

*United States v. Adlman,* 134 F.3d 1194, 1195 (2d Cir. 1998) ................................................17

*United States v. Al Kassar*, 660 F.3d 108, 118 (2d Cir. 2011) ...............................................9

*United States v. Jacobs*, 117 F.3d 82, 85 (2d Cir. 1997) .........................................................13

*United States v. Jacobs*, 117 F.3d 82, 85 (2d Cir. 1997) .........................................................13

*United States v. McDonald,* 2002 U.S. Dist. LEXIS 21651, *1, 2003-1 U.S. Tax Cas. (CCH)
  P50,140 (E.D.N.Y. August 6, 2002) .....................................................................................13

*United States v. Nobles*, 422 U.S. 225, 227, 95 S. Ct. 2160, 2164 (1975) ...............................16

*United States v. White*, 281 U.S. App. D.C. 39, 887 F.2d 267, 271 (D.C. Cir. 1989) ...............13

*United States v. Yousef*, 327 F.3d 56, 111 (2d Cir. 2003) ........................................................9

*United States v. Yousef*, 750 F.3d 254, 258 (2d Cir. 2014) ......................................................9

*United States v. Zolin*, 491 U.S. 554, 562, (1989) ...................................................................11

*United States v. Zolin*, 491 U.S. 554, 572 (1989) ...................................................................13

*Upjohn Co. v. United States*, 449 U.S. 383, 386 (1981) ..........................................................14

*Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)) .........................................................12

*Wultz v. Bank of China*, 979 F. Supp. 2d 479, 483 (S.D.N.Y. 2013) .......................................12

## Statutes

(26 U.S.C. § 6012) ...............................................................................................................10

Panama Foundation Law, Law 25 of 1995 ...............................................................................14

## Rules

(Fed. Rule Evid. 501) ............................................................................................................11

Fed. Rule Evid. 104, 1101) ....................................................................................................11

Fed. Rule Evid. 403 ..............................................................................................................18

## I.   INTRODUCTION

Defendant, Attorney Ramses Owens, by and through the undersigned counsel, hereby files his Opposition to the Government's Motion Regarding Application of the Crime Fraud Exception and Waiver of the Attorney-Client Privilege. The Government, in the previously mentioned motion, requests this Court to enter an order that the crime-fraud exception to the attorney-client privilege and work-product protections applies to certain communications and documents, which the Government has entitled "Relevant Information." The Relevant Information according to the Government includes all communication and documents for which any claim of privilege is based on the attorney-client relationship between either the defendant Harald Joachim  von der Goltz ("von der Goltz") or any other person or entity and attorneys at the law firms Mossack Fonseca & Co. (Mossack Fonseca") and Owens firms (collectively, the "Owens Firms"), to the extent that those communications concern or relate to the Revack Entities, Revack Trust, or the Revack Holdings Foundation. The Government's arguments in its motion fail on several grounds.   In support thereof, Attorney Ramses Owens states as follow:

## II.  THE GOVERNMENT MISSTATES THE EMPLOYMENT RELATIONSHIP OF ATTORNEY RAMSES OWENS AND THE DEFUNCTED LAW FIRM MOSSACK FONSECA

The law firm Mossack Fonseca was established in 1977 under the laws of the Republic of Panama. Over the years, Mossack Fonseca became a global law firm with forty-four (44) offices worldwide and with over 500 employees at the height of its existence. The Government alleges that in or around the 1980s, von de Goltz used the services of Mossack Fonseca to create various foreign entities, which are shell companies (the "Revack Entities"). In the 1980's, Attorney Ramses Owens was a teenager residing in the Republic of Panama. Moreover, the Government alleges that in or about 1988, von der Goltz with the assistance of the Law Firm Mossack Fonseca established Revack Trust and Revack Holding Foundation. In 1988, Attorney Ramses Owens was nineteen (19) years old and attended college in the Republic of Panama. In other words, as per the allegations of the Government the Revack Trust and the Revack Holding Foundation, which dates to in or about 1988, were established before Attorney Ramses Owens was an attorney of the Law Firm Mossack Fonseca.

On or about the earlier 1990s, Attorney Ramses Owens was employed by the Law Firm Mossack Fonseca as a messenger and later became an associate attorney at the firm. It is important to note that Attorney Ramses Owens was never a partner of the Law Firm Mossack Fonseca.  The partners of the Law

Firm Mossack Fonseca were Attorney Jurgen Mossack, Attorney Ramon Fonseca Mora and Attorney Christoph Zollinger. Moreover, the partners of the Law Firm Mossack Fonseca that allegedly, as per the Government assisted von der Goltz to create foreign entities since the 1980s are not charged in the indictment in this criminal matter. Instead, the Government is attempting to portray Attorney Ramses as the sole attorney at the Law Firm Mossack Fonseca. In reality, Attorney Ramses Owens, as an employee of the Law Firm Mossack Fonseca, was under the supervision of the partners of the law firm. Therefore, the Government's inaccurate and deceptive depiction of Attorney Ramses Owens as the face of Mossack Fonseca is unjust and prejudicial.

## III.   ARGUMENT

### A. THE INDICTMENT IN THIS CRIMINAL MATTER FAILS TO PROVIDE A NEXUS BETWEEN ATTORNEY RAMSES OWENS AND THE U.S. SUFFICIENT TO SATISFY DUE PROCESS

The Court of Appeals for the Second Circuit in *United States v. Jamal Youseef* has held that "in order to apply extraterritorially a federal criminal statute to a defendant consistently with due process, there must be a sufficient nexus between the defendant and the United States, so that such application would not be arbitrary or fundamentally unfair." (*United States v. Al Kassar*, 660 F.3d 108, 118 (2d Cir. 2011) (quoting *United States v. Yousef*, 327 F.3d 56,

111 (2d Cir. 2003) (*United States v. Yousef*, 750 F.3d 254, 258 (2d Cir. 2014)). Moreover, "the United States Court of Appeals for the Second Circuit has observed, it is beyond doubt that, as a general proposition, Congress has the authority to enforce its laws beyond the territorial boundaries of the United States. But the courts also recognize the commonsense notion that Congress generally legislates with domestic concerns in mind and the presumption that United States law governs domestically but does not rule the world. For these reasons, when a statute gives no clear indication of an extraterritorial application, it has none." (*United States v. Vilar*, 729 F.3d 62, 67 (2d Cir. 2013)).

The Second Circuit has also recognized that the Due Process Clause of the Fifth Amendment constrains the United States' assertion of jurisdiction over allegedly criminal conduct committed entirely outside the territory of the United States. The idea of fair warning is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed. (*United States v. Al Kassar*, 660 F.3d 108, 114 (2d Cir. 2011)).

Here, Attorney Ramses Owens is a native and citizen of the Republic of Panama. Moreover, Attorney Ramses Owens is licensed to practice law only in the territory of the Republic of Panama. Attorney Ramses Owens has never held himself out as a legal expert of U.S. Tax law. As a non-resident of the United States, Attorney Ramses Owens does not have the legal obligation to

pay income taxes to the United States.  All of Attorney Ramses Owens business dealings is limited to the Republic of Panama.

On January 31, 2019, the Republic of Panama enacted Law 70 of 2019, that establishes tax evasion as a criminal offense. In other words, tax evasion was not a crime in the Republic of Panama before January 31, 2019. Under the circumstances, a disinterested reasonable person can conclude that Attorney Ramses Owens had no reason to believe that the United States would seek to prosecute him for an allege conduct related to tax evasion. The legal obligation of a U.S. taxpayer to file a tax return with the U.S. Department of the Treasury is personal and cannot be delegated.  (26 U.S.C. § 6012).

Therefore, the Indictment against Attorney Ramses Owens must be dismissed because the lack of nexus between him and the United States does not satisfy the Due Process Clause of the Fifth Amendment to provide this Court jurisdiction and U.S. tax laws do not support the extraterritorial application of such laws abroad to foreigners with no contact with the United States.  Attorney Ramses Owens reserves the right to raise a jurisdiction claim in the future.

## B. THE REVACK ENTITIES ARE INDEPENDENT LEGAL ENTITIES

The dual aim of the American criminal justice system is that guilt shall not escape or innocence suffer; to this end, the United States Supreme Court has placed its confidence in the adversary system, entrusting to it the primary responsibility for developing relevant facts on which a determination of guilt or innocence can be made. (*United States v. Nobles*, 422 U.S. 225, 227, (1975)).

Questions of privilege that arise in the course of the adjudication of federal rights are "governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." (Fed. Rule Evid. 501) (*United States v. Zolin*, 491 U.S. 554, 562, (1989)). In addition, Rule 104(a) of the Federal Rules of Evidence provides that preliminary questions concerning the existence of a privilege shall be determined by the court, which, in making such a determination, is not bound by the rules of evidence except those with respect to privileges; and Rule 1101(c) provides that the rule with respect to privileges applies at all stages of all actions, cases, and proceedings.(.*id*)(Fed. Rule Evid. 104, 1101)

The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." (*Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The common law of the United States requires a choice-of-law analysis in determining which privilege law governs when the attorney-client relationship was established in a foreign jurisdiction. Typically, U.S. courts apply a "touching-base" analysis to determine whether foreign

communications are protected. Under the touch base approach, "the applicable privilege law should be of those countries that have the predominant interest in whether those communications should remain confidential, which are the nations where the allegedly privileged relationship was entered into. By contrast, courts have found that communications relating to legal proceedings in the United States or communications providing advice on American law do touch base with the United States and should be governed by American privilege law." (*Wultz v. Bank of China*, 979 F. Supp. 2d 479, 483 (S.D.N.Y. 2013), (*Anwar v. Fairfield Greenwich Ltd.*, 982 F. Supp. 2d 260, 262 (S.D.N.Y. 2013)).

In criminal proceedings where the government advances an argument that the crime-fraud exception to the attorney-client privilege applies, "the government has the burden to demonstrate that there is a factual basis for a showing of probable cause to believe that a fraud or crime has been committed and that the communications in question were in furtherance of the fraud or crime." (*United States v. Jacobs*, 117 F.3d 82, 85 (2d Cir. 1997) (*United States v. McDonald,* 2002 U.S. Dist. LEXIS 21651, *1, 2003-1 U.S. Tax Cas. (CCH) P50,140 (E.D.N.Y. August 6, 2002)). The analysis to determine whether the crime-fraud exception applies is a two-step process. First, the proposed factual basis must strike "a prudent person" as constituting "a reasonable basis to suspect the perpetration or attempted perpetration of a crime or fraud, and

that the communications were in furtherance thereof." (*In re John Doe*, 13 F.3d at 637 (quoting *In re Grand Jury*, 731 F.2d at 1039). Once there is a showing of a factual basis, the decision whether to engage in an in-camera review of the evidence lies in the discretion of the district court. (*United States v. Zolin*, 491 U.S. 554, 572 (1989)). Second, if and when there has been an in-camera review, the district court exercises its discretion again to determine whether the facts are such that the exception applies. (.*id*).

The crime-fraud exception "applies only when the communications between the client and his lawyer further a crime, fraud or other misconduct. It does not suffice that the communications may be related to a crime. To subject the attorney-client communications to disclosure, they must actually have been made with an intent to further an unlawful act". (*United States v. Jacobs*, 117 F.3d 82, 85 (2d Cir. 1997); (*United States v. White*, 281 U.S. App. D.C. 39, 887 F.2d 267, 271 (D.C. Cir. 1989)).

The attorney-client privilege applies when the client is a corporation. (*Upjohn Co. v. United States*, 449 U.S. 383, 386 (1981)). The managers of a corporation must exercise the attorney-client privilege in a manner consistent with their fiduciary duty to act in the best interests of the corporation and not of themselves as individuals. (*Commodity Futures Trading Com v. Weintraub*, 471 U.S. 343, 345 (1985)).

The Government seeks a ruling from this Court that the Relevant Information is subject to the crime fraud exception and that the attorney-client privilege has been waived with regards to those communications. Attorney Ramses Owens opposes the argument of the Government because the Revack Entities are independent legal entities and have been established under the laws of foreign jurisdictions.  For instance, the Revack Holding Foundation is a private foundation created and regulated pursuant to the Panama Foundation Law, Law 25 of 1995. According to Article 35 of Law 25 of 1995, "all members of the Foundation Council, supervisory bodies and public or private employees, with knowledge of Foundation activities, transactions or operations must keep all aspects of the Foundation and its activities strictly confidential. Breaches of this duty shall be punishable by imprisonment of up to six months and a fine of US$50,000.00, without prejudice to the corresponding civil liability." A disinterested reasonable person may conclude, that any disclosure of any type of information regarding a private foundation is not permitted under Panamanian law. In other words, each of the Revack Entities are the holders of its independent "attorney-client privilege" and the privilege is regulated by the laws of the jurisdiction that a particular entity was created.  The Court should apply the "touching-base" analysis to determine whether foreign communications and documents of the each of the Revack Entities are protected and should remain confidential.

Furthermore, the offices of Mossack Fonseca located in the Republic of Panama created the legal entities that make up the Revack Entities. The Government fails to indicate in its memorandum of law on how Mossack Fonseca and the Owens firms provided legal advice to the officers of the Revack Entities for the furtherance of a crime. The Revack Entities are foreign legal entities that conduct lawful commercial activities and have no legal obligations to report to the IRS. To reiterate, the legal obligation for a U.S. taxpayer to report his/her income to the IRS is a personal one and cannot be delegated to a third party. In light of the facts stated, a prudent person may conclude that the Revack Entities are independent legal commercial entities that generate revenue and are not a part of a scheme to assist to hide assets from the IRS. Attorney Ramses Owens does not have the authority assert the rights of the Revack Entities or make decisions about a waiver on their behalf.

## C. ATTORNEY RAMSES OWENS ASSERTS THE WORK PRODUCT PRIVILEGE

The work product doctrine prevents an adverse party to compel disclosure of written or oral materials prepared by or for an attorney in the course of legal representation, especially in preparation for litigation. However, an adverse party may compel disclosure of work product upon a showing of "substantial need" and "undue hardship." The Supreme Court of the United States

recognized the work product doctrine in *Hickman v. Taylor,* 329 U.S. 495 (1947). "The work product doctrine applies to criminal as well as civil litigation; while the doctrine most frequently asserted is a bar to discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital, since the interests of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case. (*United States v. Nobles*, 422 U.S. 225, 227, 95 S. Ct. 2160, 2164 (1975)). Moreover, the "work product doctrine reflects the strong public policy underlying the orderly prosecution and defense of legal claims; the doctrine is distinct from and broader than the attorney-client privilege." *(.id)* The "work product doctrine protects material prepared by agents for the attorney or on his behalf as well as those prepared by the attorney himself." *(.id).* Furthermore, the "work product privilege belongs to both the client and the attorney, either one of whom may assert it. Thus, a waiver by the client of the work product privilege will not deprive the attorney of his own work product privilege, and vice versa" (*In re Grand Jury Proceedings,* 43 F.3d 966, 967 (5th Cir. 1994))

The United States Court of Appeals for the Second Circuit in *United States v. Adlman* held that, "to be protected work product, a document need not be prepared exclusively for the purpose of litigation." (*In re in re Financialright*

*GmbH*, No. 17-mc-105 (DAB), 2017 U.S. Dist. LEXIS 107778, at *13 (S.D.N.Y. June 23, 2017) (*United States v. Adlman,* 134 F.3d 1194, 1195 (2d Cir. 1998)). The Second Circuit has stated that "a document created because of anticipated litigation, which tends to reveal mental impressions, conclusions, opinions or theories concerning the litigation, does not lose work-product protection merely because it is intended to assist in the making of a business decision influenced by the likely outcome of the anticipated litigation." (*United States v. Adlman*, 134 F.3d 1194, 1195 (2d Cir. 1998)).

Attorney Ramses Owens is licensed practice law in the Republic of Panama. While employed by the law firms Mossack Fonseca, Owens & Watson, and Owens & Owens, he represented the Revack Entites in different legal matters. Therefore, Attorney Ramses Owens asserts the work product protection to prevent the Government to review and use privileged material as it pertains to his work as the legal representative of the Revack Entities.

Moreover, if the communications and documents pertaining to Attorney Ramses Owens' legal representation of Revack Entities is not deemed work-product its probative value is substantially outweighed by the danger of unfair prejudice and confusion. (Fed. Rule Evid. 403) (*Old Chief v. United States*, 519 U.S. 172, 174 (1997)).

Attorney Ramses Owens asserts the work product privilege to ensure that he will have a fair trial when he avails himself before the Court in the future.

## IV.   THE "PANAMA PAPERS" HAVE BEEN DEEMED NOT RELIABLE

Newspaper articles published in the aftermath of the breaking Panama Papers news story must exclude for being unreliable. The U.S. District Judge Richard F. Boulware of the United States District Court for the District of Nevada has declined to sanction the now-defunct Panama-based law firm Mossack Fonseca in a civil suit seeking to recover $1.6 billion in bonds from Argentina, stating that the so-called "Panama Papers" are not reliable enough to serve as a basis for sanctions. (*NML CAPITAL, LTD v. REPUBLIC OF ARGENTINA*, et al. Case 2:14-cv-00492-RFB-VCF, Doc. 307, Filed 03/27/19) Therefore, the Government should be precluded for using or relying on newspaper articles to prosecute the defendants.

# V.   CONCLUSION

For the foregoing reasons, the Defendant, Attorney Ramses Owens, respectfully requests that the Court deny the Government's Motion Regarding Application of the Crime Fraud Exception and Waiver of the Attorney-Client Privilege.


Respectfully submitted,



/s/Jeremy Iandolo                      /s/ Charlie Carrillo
Jeremy Iandolo, Esq.                 Charlie Carrillo, Esq.
7621 13th Street                       259 West Patrick Street
Brooklyn, NY 11228                  Frederick, Maryland 21701
E-mail: jiandolo@jiandololaw.com   E-mail: charlie@carrillobrux.com
Phone: 718-303-0802                 Phone: 301.378.8595

## CERTIFICATE OF FILING AND SERVICE

I, Charlie Carrillo, hereby certify that on August 28, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all the registered CM/ECF users.


/s/ Charlie E. Carrillo
Charlie Ezra Carrillo
Counsel for Defendant – Attorney Ramses Owens
West Patrick Street
Frederick, Maryland 21701
Phone: (718) 535-7282
Fax: (301) 576-4453
E-mail: charlie@carrillobrux.com