UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| - *v.* - | : | |
| RAMSES OWENS,    a/k/a "Ramses Owens Saad," DIRK BRAUER, RICHARD GAFFEY,    a/k/a "Dick Gaffey," and HARALD JOACHIM VON DER GOLTZ    a/k/a "H.J. von der Goltz,"    a/k/a "Johan von der Goltz," | : | 18 Cr. 693 (RMB) |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**GOVERNMENT'S MEMORANDUM IN RESPONSE TO
DEFENDANT'S STATUS REPORT**

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

DEBORAH CONNOR
Chief, Money Laundering and Asset
Recovery Section, Criminal Division

Eun Young Choi
Thane Rehn
Assistant United States Attorneys

Michael Parker
Parker Tobin
Trial Attorneys, Criminal Division, United States Department of Justice

- Of Counsel -

1

## INTRODUCTION

On October 23, 2019, defendant Ramses Owens ("Owens"), by and through his attorneys, filed a status report (the "status report") with this Court regarding the hearing scheduled for November 6, 2019. Dkt. 128. In the status report, Owens represented that he filed a request with Panamanian authorities on September 25, 2019, to travel to this District to attend the upcoming hearing. *Id*. According to Owens, the Panamanian court has not rendered a decision as to whether he could travel as of October 23, 2019. *Id*. In support of Owens's representation, he attached duplicate copies of the Panamanian attorney general's office's answer to his petition, with English translations. *Id* at Exhibits A and B.

On October 29, 2019, the Court ordered the Government to respond to the status report, with respect to the question of whether Owens is entitled to litigate any outstanding motions in this Court, at this time, pursuant to the fugitive disentitlement doctrine. Dkt. 133. Counsel for Owens has not met or conferred with the Government at any point about Owens traveling to the U.S. to attend this hearing or to resolve the charges pending in this District. Therefore, the Government continues to classify Owens as a fugitive and respectfully renews the arguments raised in the June 7, 2019 Opposition to Defendant's Letter Motion to Exclude Evidence (the "June 7, 2019 Opposition Letter").

## ANALYSIS

In the status report, Owens offered no new information that would lead the Government to reconsider Owens's classification as a fugitive. Instead, the defendant attached duplicate copies[1] of the Panamanian authorities' answer to his petition, dated October 11, 2019, with slightly

---

[1] Owens's original petition to the Panamanian court, indicated as having been filed on September 25, 2019, is not attached to his filing. Dkt. 128. Therefore, the Government cannot address the arguments raised by Owens to the Panamanian court.

2

different English translations ("Exhibits A & B"). Dkt. 128. The defendant presumably included Exhibits A & B to demonstrate that he is making an effort to attend hearings before this Court, but is prevented by the Panamanian authorities from doing so. However, Owens has not taken any meaningful steps to face the pending charges in this District. Instead, Owens is attempting to have it both ways: taking an inadequate measure to request the Panamanians' permission to travel so as to prevent application of the fugitive disentitlement doctrine, while making no real effort to appear in this District and resolve the pending charges.

The Court specifically addressed this very scenario. On September 3, 2019, the Court instructed counsel for Owens to meet and confer with the Government as soon as possible if Owens intended to attend the hearing on pending motions, originally scheduled for September 19, 2019. Dkt. 121. Rather than abide by this Court's September 3, 2019 instruction, Owens's counsel has made no attempt to contact the Government, even as Owens acquired additional time with the adjournment of this hearing to a later date. The first time that the Government learned of Owens's supposed attempt to attend the upcoming hearing was on October 23, 2019, through his counsel's filing.

The Government has indicated on several occasions, and stated in its June 7, 2019 Opposition Letter, that if Owens was willing to face the U.S. charges, the Government would attempt to communicate with the Panamanian authorities to facilitate Owens's ability to travel to the United States for that purpose. Despite these attempts by the Government to find a way for Owens to travel here to resolve the pending charges against him, Owens—through his counsel—has affirmatively expressed his unwillingness to travel to this District for that purpose. The duplicate Exhibits A & B demonstrate, in part, the Panamanian attorney general's opposition to Owens's attendance because he is a continued flight risk, and there is no judicial "summons" for

his appearance at the upcoming hearing. If Owens had followed the Court's instruction from September 3, 2019, and conferred with the Government, the Government could have attempted to address the issues raised in Exhibits A & B with the appropriate Panamanian authorities. In light of these facts, and Owens's failure to meet and confer with the Government in plain contravention of the Court's September 3, 2019 instruction, the Government continues to view Owens as a fugitive from justice.

The Government respectfully reasserts its request from the June 7, 2019 Opposition Letter that the Court should conclude as a matter of law that the defendant is a fugitive. Dkt. 97. The Government further reasserts its arguments from the June 7, 2019 Opposition Letter that the fugitive disentitlement doctrine should be applied in this instance. This Court should not "entertain the cause of one who will respond to a judgement only if it is favorable." *See United States v. Gayatrinath*, No. 02 Cr. 673 (RMB), 2011 WL 873154, at *2-3 (S.D.N.Y. Mar. 11, 2011)(quoting *Empire Blue Cross & Blue Shield v. Finkelstein*, 111 F.3d 278, 282 (2d Cir.1997). Therefore, Owens should not be entitled to participate in the upcoming hearing under the fugitive disentitlement doctrine. *Id.*[2]

---

[2] As this Court has previously recognized, and as articulated in the June 7, 2019 Opposition Letter, the fugitive disentitlement doctrine "provides that the fugitive from justice may not seek relief from the judicial system whose authority he or she evades." *United States v. Gayatrinath*, No. 02 Cr. 673 (RMB), 2011 WL 873154, at *2-3 (S.D.N.Y. Mar. 11, 2011) (quoting *In re Grand Jury Subpoenas*, 179 F. Supp. 2d at 286-86). As this Court has further stated, "[a] person can be said to be a fugitive when, while abroad, they learn that they are under indictment and make no effort to return to the United States to face charges." *Id.* (quoting *United States v. Blanco*, 861 F.2d 773, 779 (2d Cir.1988). Flight from prosecution is not a condition precedent to being classified as a fugitive; rather, "[a] person who learns of charges against him while he is outside the jurisdiction 'constructively flees' by deciding not to return." *In re Grand Jury Subpoenas*, 179 F.Supp. 2d 270, 287 (S.D.N.Y. 2001). Indeed, the Second Circuit has explained that "[a] person can be said to be a fugitive when, while abroad, they learn that they are under indictment and make no effort to return to the United States to face charges." *See United States v. Blanco*, 861 F.2d 773, 779 (2d Cir.1988).

## CONCLUSION

For the foregoing reasons, the Government respectfully submits that the Court should apply the fugitive disentitlement doctrine against Owens, and not allow the defendant to participate in the upcoming hearing on pending motions on November 6, 2019.

Dated:   New York, New York
         October 31, 2019

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN

                                        United States Attorney
                                        Southern District of New York


                                        DEBORAH CONNOR
                                        Chief, Money Laundering and
                                        Asset Recovery Section
                                        Criminal Division


                                 By:    /s/ Michael Parker
                                        Michael Parker
                                        Parker Tobin
                                        Trial Attorneys, Criminal Division

                                        Eun Young Choi
                                        Thane Rehn
                                        Assistant United States Attorneys